# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:08cv241-RJC

| | | |
|---|---|---|
| **WAYNE CARROTHERS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ROBERT W. HUNEYCUTT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon its own motion.

On May 27, 2008, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and the Defendants answered (Doc. Nos. 13, 16). On July 17, 2008, Defendants Shields, King, Thompson, and Barry filed a motion to stay proceedings in this matter until related state court criminal proceedings concluded.[1] (Doc. No. 14). The Court granted a 90-day stay, and twice ordered the Defendants to provide the Court with status updates. (Doc. Nos. 17, 19). Status updates advising that the criminal matters remained unresolved were filed by the Defendants on November 24, 2008, and February 2, 2010. (Doc. Nos. 18, 20).

On January 11, 2011, the Court ordered another status update from the Defendants. (Doc. No. 24). On January 21, 2011, the Defendants reported to the Court that although Plaintiff entered guilty pleas on June 4, 2010 to two of the related state criminal counts, he had appealed his convictions. (Doc. No. 25). Citing the same concerns they had raised in the original motion for a stay in the proceedings (Doc. No. 14), the Defendants requested that the stay previously

---

[1]Defendant Honeycutt filed a Response joining in the motion to stay the proceedings. (Doc. No. 15).

entered by the Court remain in place (Doc. No. 25). The Court directed that proceedings in this civil action remain in abeyance throughout direct review of Plaintiff's related criminal case. (Doc. No. 26).

The Court, having not received a status update from the Defendants since January 21, 2011, recently reviewed Plaintiff's state court proceedings. On June 4, 2010, Plaintiff entered an Alford plea[2] in the Superior Court of Mecklenburg County to sale of cocaine and possession with intent to sell or deliver cocaine in exchange for dismissal of charges for resisting an officer and attaining habitual felon status. State v. Carrouthers,[3] __ S.E.2d __, 2011 WL 2848714, at *2 (N.C. Ct. App. 2011). By way of his plea, Plaintiff preserved his right to appeal the denial of his motion to suppress evidence obtained after he was placed in handcuffs by a law enforcement officer in the course of an investigative detention. Id. The trial court sentenced Plaintiff to consecutive prison terms of 17 to 21 months for sale of cocaine and 7 to 9 months for possession with the intent to sell or deliver cocaine. Id. Plaintiff gave oral notice of appeal. Id.

On July 19, 2011, the North Carolina Court of Appeals affirmed the trial court's denial of Plaintiff's motion to suppress. Id. Plaintiff filed a petition for writ of certiorari in the North Carolina Supreme Court on August 11, 2011.[4] The Court finds, however, that the issue Plaintiff currently is pursing on direct review does not implicate the excessive use of force claims alleged

---

[2]North Carolina v. Alford, 400 U.S. 25 (1970).

[3]The state appellate court noted that Plaintiff's surname is spelled variously as "Carrothers" and "Carrouthers" in court documents. State v. Carrouthers, __ S.E.2d __, 2011 WL 2848714, at n.1 (N.C. Ct. App. 2011); see also State v. Carrouthers, 683 S.E.2d 781 (N.C. Ct. App. 2009).

[4]The Court obtained this information from the office of the Clerk for the North Carolina Supreme Court. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (stating that a federal court may in the interests of justice take judicial notice of state court proceedings that involve the issues pending in the federal court) (citations omitted).

in his § 1983 Complaint before this Court. Accordingly, the stay in this matter shall be lifted.

**IT IS, THEREFORE, ORDERED** that:

1. Proceedings in Civil Case 3:08cv241 are no longer stayed;

2. The parties have thirty (30) days from the entrance of this Order to file initial dispositive motions in this matter; and

3. Should any party choose not to file a dispositive motion, that party shall notify the Court, in writing, within fourteen (14) days of the entrance of this Order.

**SO ORDERED.**

Signed: September 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge